UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 NORTH KING STREET
WILMINGTON, DE 19801
TELEPHONE: 302-573-6170

|  |  |  |
|---|---|---|
|  | : | Jury Trial Demanded |
| JAMES M. IRVIN, M.D., |  |  |
| Plaintiff, *pro se* | : | Civil Action |
|  | : | No. |
| V. |  | Filed:     0 8 - 1 8 3 |
| James B. Peake, Secretary, |  |  |
| Department of Veterans Affairs, | : |  |
| Defendant. | : |  |
|  | : |  |

## COMPLAINT

### PARTIES

1. Plaintiff, James M. Irvin, M.D. ("Dr. Irvin"), is a
   citizen of the United States and a resident of the Town
   of Wilmington, County of New Castle, States of Delaware.

2. Defendant, James B. Peake, Secretary for the Department
   of Veterans Affairs ("VA" or "agency"), is head of this
   federal administrative agency within the executive branch
   of the United States Government.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to

   (a) 5 U.S.C. §552 and §552a, in that this action is the
       nature of the *Freedom of Information Act (FOIA) claim*
       and a *Privacy Act* claim to compel an officer or an
       employee of the FBP to produce records which had been
       requested by plaintiff in pursuant to *FOIA/Privacy Act*;
   (b) 28 U.S.C. §1331, in that this action arises under the
       Constitution, laws, or treaties of the United States;
       and
   (c) 5. U.S.C. §§701-706, in that this action is brought by
       a person suffering legal wrongs because of agency

action or adversely affected or aggrieved by agency action within the meaning of a relevant substantive statute.

VENUE

4.  The United States District Court for the District of Delaware is the appropriate venue for this action pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5) and 28 U.S.C. §1391(e)(2), in that Dr. Irvin resides in this judicial district.

5.  On February 8, 2008, Plaintiff, Dr. Irvin, served upon the VA a *Freedom of Information Act (FOIA)* and *Privacy Act* request (**Exhibit A**), seeking the following described documents relating to his Appraisal, the methodology of the agency's evaluation process, the procedural irregularities, and the factual basis and support for the overall proficiency rating "low satisfactory" conclusions reached by Dr. Murphy.   The documents requested under the FOIA/Privacy Act are described below.

a.  All notes created or maintained by, or in the possession of his supervisors, Dr. John Murphy, Director or Primary Care and Dr. Michael Grippi, Chief of Medicine, relating in any way to

(aa) any of Dr. Murphy's counseling of plaintiff concerning his performance, attendance or conduct at any time within the 12 month period preceding this request.

(bb) plaintiff's performance at any level below the "satisfactory" level in any rating category during the October 1, 2006 through September 30, 2007 evaluation period.

2

(cc) plaintiff's progress reviews between October 1, 2006 through September 30, 2007.

b. all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to plaintiff during any of plaintiff's progress reviews between October 1, 2006 through September 30, 2007.

c. all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by plaintiff to Dr. Murphy and Dr. Grippi during any of plaintiff's progress reviews between October 1, 2006 through September 30, 2007.

d. all documents (as that term is described above) reflecting, corroborating or supporting the allegations set forth in Dr. Murphy's and Dr. Grippi's *Performance Appraisal Narrative* concerning plaintiff (FY 07 Rating Period), that:

(aa) "During the past year he (Dr. Irvin) has failed to meet the quality standard in performing these (C&P) exams as designated by the Compensation and Pension Exam Program (CPEP). [The performance standard is a CPEP score of ≥ 90% on at least 90% of exams reviewed]";

(bb) "He (Dr. Irvin) is the only member of the C&P team who consistently has not met the performance target for these measures";

(cc) "In addition, he (Dr. Irvin) has failed to participate fully in the performance improvement activities which have helped other examiners achieve successful records on exam quality";

(dd) "He (Dr. Irvin) has consistently stated that he (Dr. Irvin) does not think that the CPEP quality program is important, and feels that he does an adequate job addressing all the exam elements that are required by the VA Regional Office";

(ee) "He (Dr. Irvin) has refused to participate with the Quality Management nurse who reviews the exams of all C&P examiners";

(ff) "He (Dr. Irvin) has also refused to adopt a systematic method of dictating C&P exam reports using the CPEP criteria as a guide. Because of this, he (Dr. Irvin) frequently forgets to address certain required elements on exams, particularly on reports that

3

include more than one exam type. All of the other examiners have adopted a systematic method and have found it very helpful in achieving 100% scores on the overwhelming majority of their exams";

(gg) "He (Dr. Irvin) used to care for a limited number of primary care patients. During this past year, I [Dr. Murphy] had to remove him from this duty";

(hh) "He (Dr. Irvin) was removed from this duty because of 1) consistently poor performance on performance measures (clinical reminder actions), 2) his (Dr. Irvin's) unwillingness to see patients in the primary care area where he (Dr. Irvin) and they (patients) would benefit from nursing services, and 3) his (Dr. Irvin's) unwillingness to make efforts to schedule his primary care patients during his designated primary care sessions, resulting in frequent interruptions during his scheduled C&P exams";

(ii) "During the past 3 years, he (Dr. Irvin) has received complaints from several C&P patients about the quality and professional nature of his exams";

(jj) "In general, the patients complain that he (Dr. Irvin) does not listen to them well, and doesn't perform much of an examination, even regarding body parts relevant to the C&P exam type requested";

(kk) "I [Dr. Murphy] have discussed these complaints with him and advised him (Dr. Irvin) that he 1) is scheduled adequate time to listen to each patient's complaints in detail, and 2) should definitely perform appropriate examination of those organ systems or body parts relevant to the claim at hand."

e.   all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to plaintiff concerning any of the alleged performance deficiencies set forth in paragraph 4 above.

f.   all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by plaintiff to Dr. Grippi and Dr. Murphy concerning any of the alleged performance deficiencies set forth in paragraph 5 above.

g.   all documents from the Patient Advocate's office including the complete list of all the patients of all the providers in the C&P section and in primary care that have complained and the written documents from the patients who filed a complaint (and not the subjective interpretation of the

4

patients' complaints) for the last three years.

On February 8, 2008, plaintiff requested from Mr. Gerald Morelli, Chief of Human Resources that all the information and documents identified above be sent to him.

On February 8, 2008, plaintiff notified Mr. Morelli that plaintiff will shortly initiate precomplaint counseling, pursuant to 29 CFR 1614.105(a), because of plaintiff's belief that the adverse 2007 Proficiency Report was motivated by discrimination based on reprisal for prior EEO activity, in violation of Title 38 employees.

On February 8, 2008, asked Mr. Morelli to advise him when the requested documents will be supplied and if the plaintiff may be permitted to submit a supplement to this reconsideration request (after receipt of the requested documents).

6. It should be noted that plaintiff, Dr. Irvin, has not received these documents from the VA concerning his *FOIA/Privacy Act* request. More than 21 days have passed and the agency has ignored this request.

7. The statutory period in which the VA was required to respond to the *FOIA/Privacy Act* request has passed.

8. To date, the VA has not supplied documents responsive to Dr. Irvin's *FOIA/Privacy Act* request.

9. Dr. Irvin has exhausted his administrative remedies, pursuant to 5 U.S.C. §552(a)(6)(C)(i).

10. Defendant's refusal to disclose the requested documents is wrongful, capricious, arbitrary and without lawful reason or excuse, and Dr. Irvin is entitled to relief provided by the *FOIA/Privacy* Act.

CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter an order:

A.  Directing the Defendant, the VA, to release to the
    plaintiff a copy of all documents identified by this
    complaint.

B.  Awarding plaintiff costs and attorney fees; and

C.  Granting other and further relief which the court may
    deem proper.

*James M. Irvin*

James M. Irvin, M.D., *pro se*
*Plaintiff*

Plaintiff's Home Address:

1100 Lovering Avenue, Apt. 500
Wilmington, DE 19860
Telephone number: (302)778-1323.

April 2, 2008

6

# Exhibit A

## Memorandum    Department of Veterans Affairs

Date: February 8, 2008

From: James M. Irvin, M.D., Staff Physician
      Compensation & Pension Section
      Department of Veterans Affairs Medical Center
      3900 Woodland Ave
      Philadelphia, PA 19104

To:   Martin Heyworth, M.D., Chief of Staff
      Department of Veterans Affairs Medical Center
      3900 Woodland Ave
      Philadelphia, PA 19104

      Re:  Reconsideration Request Of My Annual Proficiency Report For The
             FY 07 Rating Period Of October 1, 2006 To September 30, 2007

Dear Dr. Heyworth:

On January 25, 2008, I was issued my annual proficiency report ("Proficiency Report") for the FY 07 rating period of October 1, 2006 to September 30, 2007. John Murphy, M.D., Director of Primary Care and Michael Grippi, M. D., Chief of Medicine Service, respectively, were the rating and reviewing officials.

This letter constitutes the initiation of a request for reconsideration, under the *VA Handbook 5013, Part II, VA Directive 5013*. This reconsideration request is directed to you, as a higher level management official not directly involved in the rating. I am alleging that I received an unfair, a procedurally defective and a discriminatory performance evaluation in my Proficiency Report for the period October 1, 2006 to September 30, 2007 (based on reprisal for prior EEO activity).

Dr. Murphy's narrative comments purportedly supporting "I have been performing in a low satisfactory manner in my position as a staff physician in the Compensation and Pension (C&P) section," are in part, self-serving, vague, generalized and inaccurate, and fail to take into account significant and material evidence and factors bearing upon the validity of the evaluation.

Prior to my receipt of the Proficiency Report on January 25, 2008, I had not received any prior warning in the 90 days previous, as is mandated by Medical Center Memorandum No. 05-35 – "Proficiency Rating System," April 2002, despite Dr. Murphy's disingenuous representations to the contrary. The official rating document, entitled *Employee Annual Proficiency Report* (Automated VA Form 10-2623a), is not completed and signed by Dr. Grippi (second level supervisor) as is required by this Medical Center Memorandum. I categorically deny that I received any counseling during the 90 days prior to the September 30, 2007 rating period. I deem Dr. Murphy's and Dr. Grippi's misrepresentations in the Proficiency Report (undated and unsigned by Dr. Grippi) to be part of their discriminatory efforts (on the basis of reprisal for prior EEO activity) to rate my overall

performance at the "low satisfactory" level.

I ask for an opportunity to make a written supplement to this reconsideration request. I also request that I have an opportunity to secure certain documents requested below - in order to analyze them and assess the accuracy and *bona fides* of Dr. Murphy's critical comments supporting the alleged performance deficiencies. It is *unreasonable* to require me to present a fully comprehensive rebuttal without according me the opportunity to review all documents relevant to the performance issue. Fairness and justice demand nothing less. There can be no harm or prejudice, were the agency to supply the requested documents to me.

I am making a formal request for these documents under the Freedom of Information Act, as amended, 5 U.S.C. 552, in conjunction with the Privacy Act, 5 U.S.C. 552a.

If this request has been misdirected, I request that you inform me immediately in writing and either apprise me of the proper individual to whom this request should be made, or, in the alternative, direct this Freedom of Information Act/Privacy Act request to the appropriate official. If any part of my request is denied, please list the specific exemptions which are being claimed to withhold information. If you determine that some portions of the requested material are exempt, please provide me with the remaining non-exempt portions in accordance with the Act. I reserve my right to appeal any decision to withhold information and request that you inform me of the address and office where such an appeal can be sent.

**Please number the items furnished to correspond with my request.** If any of the requested information does not exist, please so state.

I agree to pay all reasonable costs for locating the requested information and reproducing it. However, in the interests of justice, I request that you waive all fees in connection with this request. If this request is processed under the Privacy Act, I expect, as the Act provides, that no fees will be charged for locating requested files. If the fee waiver is not granted and fees will exceed $50.00, I request permission to review the records which are responsive to this request and select those which I want copied. In the event a delay is encountered with regard to any portion of the requested information, I request that the remaining portions be sent to me without delay.

For the purposes of this **Freedom of Information Act/Privacy Act** request, the term "document", or "documents" means any written, electronic, computer stored, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, films, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, emails, minutes, records, photographs, correspondence, faxes, diaries, reports, studies, charts, graphs, statements, notebooks, handwritten notes, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts which are in the possession, custody or control of your present or former agents, representatives, or attorneys or any and all persons acting on their behalf, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist.

This FOIA/Privacy Act request concerns information and documents relating to my Appraisal, the methodology of the agency's evaluation process, the procedural irregularities, and the factual basis and support for the overall proficiency rating "low satisfactory" conclusions reached by Dr. Murphy. The documents requested under the FOIA/Privacy Act are described below.

1.    All notes created or maintained by, or in the possession of Dr. Murphy and Dr. Grippi relating in any way to

(a)    any of Dr. Murphy's counseling of me concerning my performance, attendance or conduct at any time within the 12 month period preceding this request.

(b)    my performance at any level below the "satisfactory" level in any rating category during the October 1, 2006 through September 30, 2007 evaluation period.

(c)    my progress reviews between October 1, 2006 through September 30, 2007.

2.    all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to me during any of my progress reviews between October 1, 2006 through September 30, 2007.

3.    all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by me to Dr. Murphy and Dr. Grippi during any of my progress reviews between October 1, 2006 through September 30, 2007.

4.    all documents (as that term is described above) reflecting, corroborating or supporting the allegations set forth in Dr. Murphy's and Dr. Grippi's *Performance Appraisal Narrative* concerning me (FY 07 Rating Period), that:

(a)    "During the past year he (Dr. Irvin) has failed to meet the quality standard in performing these (C&P) exams as designated by the Compensation and Pension Exam Program (CPEP). [The performance standard is a CPEP score of ≥ 90% on at least 90% of exams reviewed]";

(b)    "He is the only member of the C&P team who consistently has not met the performance target for these measures";

(c)    "In addition, he has failed to participate fully in the performance improvement activities which have helped other examiners achieve successful records on exam quality";

(d)    "He has consistently stated that he does not think that the CPEP quality program is important, and feels that he does an adequate job addressing all the exam elements that are required by the VA Regional Office";

(e)    "He has refused to participate with the Quality Management nurse who reviews the exams of all C&P examiners";

(f)    "He has also refused to adopt a systematic method of dictating C&P exam reports using the CPEP criteria as a guide. Because of this, he frequently forgets to address certain required elements on exams, particulary on reports that include more than one exam type. All of the other examiners have adopted a systematic method and have found it very helpful in achieving 100% scores on the overwhelming majority of their exams";

(g)    "He [Dr. Irvin] used to care for a limited number of primary care patients. During this past year, I [Dr. Murphy] had to remove him from this duty";

3

(h)     "He was removed from this duty because of 1) consistently poor performance on performance measures (clinical reminder actions), 2) his unwillingness to see patients in the primary care area where he and they (patients) would benefit from nursing services, and 3) his unwillingness to make efforts to schedule his primary care patients during his designated primary care sessions, resulting in frequent interruptions during his scheduled C&P exams";

(i)     "During the past 3 years, he has received complaints from several C&P patients about the quality and professional nature of his exams";

(j)     "In general, the patients complain that he [Dr. Irvin] does not listen to them well, and doesn't perform much of an examination, even regarding body parts relevant to the C&P exam type requested";

(k)     "I [Dr. Murphy] have discussed these complaints with him and advised him that he 1) is scheduled adequate time to listen to each patient's complaints in detail, and 2) should definitely perform appropriate examination of those organ systems or body parts relevant to the claim at hand."

5.     all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to me concerning any of the alleged performance deficiencies set forth in paragraph 4 above.

6.     all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by me to Dr. Grippi and Dr. Murphy concerning any of the alleged performance deficiencies set forth in paragraph 5 above.

7.     all documents from the Patient Advocate's office including the complete list of all the patients of all the providers in the C&P section and in primary care that have complained and the written documents from the patients who filed a complaint (and not the subjective interpretation of the patients' complaints) for the last three years.

Please send me all the information and documents identified above. Please be advised that I will shortly initiate precomplaint counseling, pursuant to 29 CFR 1614.105(a), because of my belief that the adverse 2007 Proficiency Report was motivated by discrimination based on reprisal for prior EEO activity, in violation of Title 38 employees.

Please advise me when the requested documents will be supplied and if I may be permitted to submit a supplement to this reconsideration request (after receipt of the requested documents).

Sincerely,

James M. Irvin, M.D.

cc:  Richard Citron, Medical Center Director
     Gerald Morelli, Chief of Human Resources
     John Murphy, M.D., Director of Primary Care
     Michael Grippi, M.D., Chief of Medical Service

4

James M. Irvin, M.D., Staff Physician
Compensation & Pension Section
Department of Veterans Affairs Medical Center
3900 Woodland Ave
Philadelphia, PA 19104

April 2, 2008

**CERTFIED MAIL**
**RETURN RECEIPT REQUESTED**

Attorney General
U.S. Department of Justice
Washington, D.C. 20530

Re:     James M. Irvin, M.D., v.  James B. Peake, *Secretary*
                            *Department of Veterans Affairs*
        U.S. District Court For The District of Delaware
        Civil No.

Dear Attorney General:

Enclosed please find a true and correct copy of the Summons and Complaint in the above matter. This letter with enclosure is being sent by certified mail and a return receipt requested.

                Sincerely,

                James M. Irvin, M.D.

Enclosures

James M. Irvin, M.D., Staff Physician
Compensation & Pension Section
Department of Veterans Affairs Medical Center
3900 Woodland Ave
Philadelphia, PA 19104

April 2, 2008

**CERTFIED MAIL**
**RETURN RECEIPT REQUESTED**

Assistant General Counsel
Department of Veterans Affairs
Office of General Counsel, Professional Staff Group 6
810 Vermont Avenue, N.W., Room 1030
Washington, D.C. 20420
Telephone: (202) 273-6660
Fax: (202) 273-6671

      Re:    James M. Irvin, M.D., v.  James B. Peake, *Secretary*
                          *Department of Veterans Affairs*
           U.S. District Court For The District of Delaware
           Civil No.

Dear Counsel,

      Enclosed please find a true and correct copy of the Summons and Complaint in the above matter. This letter with enclosure is being sent by certified mail and a return receipt requested.

               Sincerely,

               James M. Irvin, M.D.

Enclosures

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 NORTH KING STREET
WILMINGTON, DE 19801
TELEPHONE: 302-573-6170

|  |  |  |
|---|---|---|
|  | : | Jury Trial Demanded |
| JAMES M. IRVIN, M.D.,<br>    Plaintiff, *pro se* | : | Civil Action |
|  | : | No. |
|     V. |  | Filed: |
| James B. Peake, Secretary,<br>Department of Veterans Affairs,<br>    Defendant. | :<br>:<br>: |  |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing complaint and the summons was served upon the following by regular first class mail, this date, to:

Assistant General Counsel
Department of Veterans Affairs
Office of General Counsel, Professional Staff Group 6
810 Vermont Avenue, N.W., Room 1030
Washington, D.C. 20420

James M. Irvin, M.D., *pro se*
Plaintiff

Dated: April 2, 2008

James M. Irvin, M.D., Staff Physician
Compensation & Pension Section
Department of Veterans Affairs Medical Center
3900 Woodland Ave
Philadelphia, PA 19104

April 2, 2008

## CERTFIED MAIL
## RETURN RECEIPT REQUESTED

Assistant United States Attorney
Office of the United States Attorney
Nemours Building, P.O. Box 2046
Wilmington, DE 19899-2046
Telephone: (302) 573-6277
Fax: (302) 573-6220

> Re:    James M. Irvin, M.D., v.  James B. Peake, *Secretary*
> *Department of Veterans Affairs*
> U.S. District Court For The District of Delaware
> Civil No.

Dear Assistant United States Attorney,

Enclosed please find a true and correct copy of the Summons and Complaint in
the above matter. This letter with enclosure is being sent by certified mail and a return
receipt requested.

Sincerely,

James M. Irvin, M.D.

Enclosures

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 NORTH KING STREET
WILMINGTON, DE 19801
TELEPHONE: 302-573-6170

                                             :    Jury Trial Demanded

JAMES M. IRVIN, M.D.,
    Plaintiff, *pro se*                 :    Civil Action
                                             :      No.
    V.                                        Filed:

James B. Peake, Secretary,
Department of Veterans Affairs,     :
    Defendant.                           :
                                             :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
the foregoing complaint and the summons was served upon the
following by regular first class mail, this date, to:

Assistant United States Attorney
Office of the United States Attorney
Nemours Building, P.O. Box 2046
Wilmington, DE 19899-2046
Telephone: (302) 573-6277
Fax: (302) 573-6220

James M. Irvin, M.D., *pro se*
Plaintiff

Dated: April 2, 2008

James M. Irvin, M.D., Staff Physician
Compensation & Pension Section
Department of Veterans Affairs Medical Center
3900 Woodland Ave
Philadelphia, PA 19104

April 2, 2008

**CERTFIED MAIL**
**RETURN RECEIPT REQUESTED**

James B. Peake, Secretary,
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C. 20420

> Re:    James M. Irvin, M.D., v.  James B. Peake, *Secretary*
> *Department of Veterans Affairs*
> U.S. District Court For The District of Delaware
> Civil No.

Dear Secretary,

Enclosed please find a true and correct copy of the Summons and Complaint in the above matter. This letter with enclosure is being sent by certified mail and a return receipt requested.

Sincerely,

James M. Irvin, M.D.

Enclosures

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 NORTH KING STREET
WILMINGTON, DE 19801
TELEPHONE: 302-573-6170

                                                :     Jury Trial Demanded

JAMES M. IRVIN, M.D.,
    Plaintiff, *pro se*              :     Civil Action
                                    :       No.
    V.                                         Filed:

James B. Peake, Secretary,
Department of Veterans Affairs,    :
    Defendant.                     :
                                        :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing complaint and the summons was served upon the following by regular first class mail, this date, to:

James B. Peake
Secretary of Veterans Affairs
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, DC 20420

*James M. Irvin, M.D.*

James M. Irvin, M.D., *pro se*
Plaintiff

Dated: April 2, 2008

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 NORTH KING STREET
WILMINGTON, DE 19801
TELEPHONE: 302-573-6170

|                                      |   | Jury Trial Demanded |
|--------------------------------------|---|---------------------|
| JAMES M. IRVIN, M.D.,                |   |                     |
| Plaintiff, *pro se*                  | : | Civil Action        |
|                                      | : | No.                 |
| V.                                   |   | Filed:              |
|                                      |   |                     |
| James B. Peake, Secretary,           | : |                     |
| Department of Veterans Affairs,      | : |                     |
| Defendant.                           | : |                     |
|                                      | : |                     |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
the foregoing complaint and the summons was served upon the
following by regular first class mail, this date, to:

Attorney General
Department of Justice
Washington, DC 20530

*James M. Irvin, M.D.*

James M. Irvin, M.D., *pro se*
Plaintiff

Dated: April 2, 2008

08 - 183

⁻JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Milton Irvin,MD | James B. Peake Secretary Department of Veterans Affairs |
| **(b)** County of Residence of First Listed Plaintiff New Castle (DE) (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) currently unrepresented plaintiff | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☒ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 5 U.S.C. 552 and

Brief description of cause: 552a Freedom of Information Act and Privacy Act, failure of defendant to provide documents under FOIA/Privacy Acts

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): JUDGE | DOCKET NUMBER |
|---|---|---|

DATE
2 April 2008

SIGNATURE OF ATTORNEY OF RECORD
*James M. Irvin MD*

James M. Irvin,MD (pro se)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

0 8 - 1 8 3

RE:   C.A.#_____

CASE CAPTION: _____ v._____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal
Rules of Civil Procedure, and understand that it is my responsibility to make service of
process on defendants in accordance with this rule.

Date Received _4-2-08_        Signed: _James M. Taun_
by Plaintiff:                              Pro Se Plaintiff

Date Received_____        Signed:_____
by Clerk's office:                              Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street                    If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801

_____
Date mailed

_____
By Deputy Clerk

cc:  Docketing Clerk       **2008 APR -2  PH 12: 56**

wp\forms\rule4receipt 2-04        DISTRICT OF DELAWARE
                                   CLERK, U.S. DISTRICT COURT
                                   FILED

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 8 - 1 8 3 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_____4-2-08_____
(Date forms issued)

_James M. Irvin, VP_
(Signature of Party or their Representative)

_JAMES M. IRVIN_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action