## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Jury Trial Demanded

|  |  |
|---|---|
| James M. Irvin, M.D.<br>Plaintiff, *pro se* | : *Civil Action No: 08-CV-00183-SLR*<br>Filed April 3, 2008<br>: |
| v. | : |
| James B. Peake, Secretary,<br>Department of Veterans Affairs,<br>Defendant (Agency) | :<br>: |

### Plaintiff's Response to Agency's Motion to Dismiss
### *Civil Action No: 08-CV-00183-SLR*

### 1. Summary

I, Plaintiff, James M. Irvin, M.D., (Dr. Irvin) in the above-captioned action, assert that I requested documents under the FOIA/Privacy Act from the Agency, as described below.

     a.     All notes created or maintained by, or in the possession of Dr. Murphy and Dr. Grippi relating in any way to

     (aa)     any of Dr. Murphy's counselings of me concerning my performance, attendance, or conduct at any time within the 12 month period preceding this request.

     (bb)     my performance at any level below the "satisfactory" level in any rating category during the October 1, 2006 through September 30, 2007 evaluation period.

     (cc)     my progress reviews between October 1, 2006 through September 30, 2007.

     b.     all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to me during any of my progress reviews between October 1, 2006 through September 30, 2007.

     c.     all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by me to Dr. Murphy and Dr. Grippi during any of my progress reviews between October 1, 2006 through September 30, 2007.

     d.     all documents (as that term is described above) reflecting, corroborating, or supporting the allegations set forth in Dr. Murphy's and Dr. Grippi's *Performance Appraisal Narrative* concerning me (FY 07 Rating Period), that:

     (aa)     "During the past year he (Dr. Irvin) has failed to meet the quality standard in performing these (C&P) exams as designated by the Compensation and Pension Exam Program (CPEP). [The performance standard is a CPEP score of $\geq$ **90%** on at least 90% of exams reviewed]";

2

(bb)    "He is the only member of the C&P team who consistently has not met the performance target for these measures";

(cc)    "In addition, he has failed to participate fully in the performance improvement activities which have helped other examiners achieve successful records on exam quality";

(dd)    "He has consistently stated that he does not think that the CPEP quality program is important, and feels that he does an adequate job addressing all the exam elements that are required by the VA Regional Office";

(ee)    "He has refused to participate with the Quality Management nurse who reviews the exams of all C&P examiners";

(ff)    "He has also refused to adopt a systematic method of dictating C&P exam reports using the CPEP criteria as a guide. Because of this, he frequently forgets to address certain required elements on exams, particulary on reports that include more than one exam type. All of the other examiners have adopted a systematic method and have found it very helpful in achieving 100% scores on the overwhelming majority of their exams";

(gg)    "He [Dr. Irvin] used to care for a limited number of primary care patients. During this past year, I [Dr. Murphy] had to remove him from this duty";

(hh)    "He was removed from this duty because of 1) consistently poor performance on performance measures (clinical reminder actions), 2) his unwillingness to see patients in the primary care area where he and they (patients) would benefit from nursing services, and 3) his unwillingness to make efforts to schedule his primary care patients during his designated primary care sessions, resulting in frequent interruptions during his scheduled C&P exams";

(ii)    "During the past 3 years, he has received complaints from several C&P patients about the quality and professional nature of his exams";

(jj)    "In general, the patients complain that he [Dr. Irvin] does not listen to them well, and doesn't perform much of an examination, even regarding body parts relevant to the C&P exam type requested";

(kk)    "I [Dr. Murphy] have discussed these complaints with him and advised him that he 1) is scheduled adequate time to listen to each patient's complaints in detail, and 2) should definitely perform appropriate examination of those organ systems or body parts relevant to the claim at hand."

    e.    all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to me concerning any of the alleged performance deficiencies set forth in paragraph 4 above.

    f.    all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by me to Dr. Grippi and Dr. Murphy concerning any of the alleged performance deficiencies set forth in paragraph 5 above.

g.      all documents from the Patient Advocate's office including the complete list of all the patients of all the providers in the C&P section and in primary care that have complained and the written documents from the patients who filed a complaint (and not the subjective interpretation of the patients' complaints) for the last three years.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to

(a)     5 U.S.C. §552 and §552a, in that this action is of the *Freedom of Information Act (FOIA) claim* and a *Privacy Act* claim to compel an officer or an employee of the FBP to produce records which had been requested by plaintiff in pursuant to *FOIA/Privacy Act;*

(b)     28 U.S.C. §1331, in that this action arises under the Constitution, laws, or treaties of the United States; and

(c)     5. U.S.C. §§701-706, in that this action is brought by a person suffering legal wrongs because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant substantive statute.

## VENUE

The United States District Court for the District of Delaware is the appropriate venue for this action pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5) and 28 U.S.C. §1391(e)(2), in that Dr. Irvin resides in this judicial district.

## PARTIES

**2. Plaintiff**
   a. Plaintiff: **James M. Irvin, M.D.**
      Address: 1100 Lovering Avenue, #500
               Wilmington, DE 19806
**3. Defendant**
   a. Defendant:  **James B. Peake**
      Official Position: Secretary, Department of Veterans Affairs, ("Agency")
      Address: 810 Vermont Ave, N.W., Washington, D.C. 20420
      **Agency Address**: Philadelphia VA Medical Center, 3900 Woodland Avenue
                      Philadelphia, PA 19104

**4.**                          **FACTS**

**The following documents were requested from the Agency:**

a.      All notes created or maintained by, or in the possession of Dr. Murphy and Dr. Grippi relating in any way to

4

(aa)    any of Dr. Murphy's counselings of me concerning my performance, attendance, or conduct at any time within the 12 month period preceding this request.

(bb)    my performance at any level below the "satisfactory" level in any rating category during the October 1, 2006 through September 30, 2007 evaluation period.

(cc)    my progress reviews from October 1, 2006 through September 30, 2007.

**I did _not_ receive the above information under the FOIA/Privacy Act from the Agency.**

b.    all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to me during any of my progress reviews between October 1, 2006 through September 30, 2007.

**I did _not_ receive the above information under the FOIA/Privacy Act from the Agency.**

c.    all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by me to Dr. Murphy and Dr. Grippi during any of my progress reviews between October 1, 2006 through September 30, 2007.

**I did _not_ receive the above information under the FOIA/Privacy Act from the Agency.**

d.    all documents (as that term is described above) reflecting, corroborating, or supporting the allegations set forth in Dr. Murphy's and Dr. Grippi's *Performance Appraisal Narrative* concerning me (FY 07 Rating Period), that:

(aa)    "During the past year he (Dr. Irvin) has failed to meet the quality standard in performing these (C&P) exams as designated by the Compensation and Pension Exam Program (CPEP). [The performance standard is a CPEP score of $\geq 90\%$ on at least 90% of exams reviewed]";

***This information I received from the Agency was _inaccurate_. (Exhibit A-F)***

(bb)    "He is the only member of the C&P team who consistently has not met the performance target for these measures";

**I did _not_ receive the above information under the FOIA/Privacy Act from the Agency.**

(cc)    "In addition, he has failed to participate fully in the performance improvement activities which have helped other examiners achieve successful records on exam quality";

**I did _not_ receive the above information under the FOIA/Privacy Act from the Agency.**

(dd)    "He has consistently stated that he does not think that the CPEP quality program is important, and feels that he does an adequate job addressing all the exam elements that are required by the VA Regional Office";

**I did _not_ receive the above information under the FOIA/Privacy Act from the Agency.**

5

(ee)    "He has refused to participate with the Quality Management nurse who reviews the exams of all C&P examiners";

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

(ff)    "He has also refused to adopt a systematic method of dictating C&P exam reports using the CPEP criteria as a guide. Because of this, he frequently forgets to address certain required elements on exams, particulary on reports that include more than one exam type. All of the other examiners have adopted a systematic method and have found it very helpful in achieving 100% scores on the overwhelming majority of their exams";

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

(gg)    "He [Dr. Irvin] used to care for a limited number of primary care patients. During this past year, I [Dr. Murphy] had to remove him from this duty";

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

(hh)    "He was removed from this duty because of 1) consistently poor performance on performance measures (clinical reminder actions), 2) his unwillingness to see patients in the primary care area where he and they (patients) would benefit from nursing services, and 3) his unwillingness to make efforts to schedule his primary care patients during his designated primary care sessions, resulting in frequent interruptions during his scheduled C&P exams";

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

(ii)    "During the past 3 years, he has received complaints from several C&P patients about the quality and professional nature of his exams";

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

(jj)    "In general, the patients complain that he [Dr. Irvin] does not listen to them well, and doesn't perform much of an examination, even regarding body parts relevant to the C&P exam type requested";

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

(kk)    "I [Dr. Murphy] have discussed these complaints with him and advised him that he 1) is scheduled adequate time to listen to each patient's complaints in detail, and 2) should definitely perform appropriate examination of those organ systems or body parts relevant to the claim at hand."

**I did <u>not</u> receive the above information under the FOIA/Privacy Act from the Agency.**

e.    all documents (as that term is described above) reflecting and/or containing the alleged comments made by Dr. Murphy and Dr. Grippi to me concerning any of the alleged performance deficiencies.

**I did not receive the above information under the FOIA/Privacy Act from the Agency.**

f.    all documents (as that term is described above) reflecting and/or containing the alleged comments or responses made by me to Dr. Grippi and Dr. Murphy concerning any of the alleged performance deficiencies.

**I did not receive the above information under the FOIA/Privacy Act from the Agency.**

g.    all documents from the Patient Advocate's office including the complete list of all the patients of all the providers in the C&P section and in primary care that have complained and the written documents from the patients who filed a complaint (and not the subjective interpretation of the patients' complaints) for the last three years.

**I did not receive the above information under the FOIA/Privacy Act from the Agency.**

5.                          **CAUSES OF ACTION**

**The following clearly states the cause of action plaintiff, Dr. Irvin, asserts in this lawsuit:**

**The Agency has failed to provide the information I had requested** pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5) and 28 U.S.C. §1391(e)(2).

6.                          **Plaintiffs demand a trial by:** Judge

7.                          **PRAYER FOR RELIEF**

**WHEREFORE,** I, Dr. Irvin, request that this Court grant the following relief:

a) Admission of wrongdoing by Agency Officials at the Philadelphia VA Medical Center (PVAMC);

b) Issuance by the Court of a mandatory injunction prohibiting the Agency Officials from the relentless harassment at the workplace of me for exercising my civil rights.

c) Dismissal of Dr. John Murphy, Director of Primary Care, Dr. Michael Grippi, Chief of Medicine, and Dr. Mukesh Jain, Medical Director of Quality Assurance (QA)/Performance Improvement (PI), from the Department of Veterans Affairs for engaging in prohibited personnel practices;

d) Reporting of Dr. Murphy, Dr. Grippi, and Dr. Jain to the Medical Licensing Board and the Physicians' National Data Bank for their lack of integrity, violation of VA standards of ethical conduct, conduct policies, performance expectations and prohibited personnel practices;

e) Dismissal of Margaret O'Shea-Caplan, Associate Director, from the Department of Veterans Affairs for aiding Dr. Murphy, Dr. Grippi and Dr. Jain in engaging in prohibited personnel practices;

f) Upgrading of my (Dr. Irvin's) proficiency reports, and removal and/or correction of all misinformation in my personnel and performance files;

7

As a result thereof, I, Dr. Irvin, request all elements of damages allowable by law and any other applicable entitlements, including **punitive damages** (in an amount to be determined by the court to deter the Agency Officials from similar misconduct in the future), compensatory damages and consequential damages, the cost of this Civil Action, and the plaintiff's reasonable attorney fees.

I, James M. Irvin, M.D., hereby declare under penalty of perjury that the foregoing is true and correct.

James M. Irvin, M.D., *pro se*
Signature of Plaintiff

DATED: June 25, 2008

Home Address:
James M. Irvin, M.D.
1100 Lovering Avenue, #500
Wilmington, DE 19806

# Exhibits A-E

*Evidence to show Agency* <u>*failed to provide accurate*</u> <u>*and substantiated*</u> *information requested under FOIA.*

# Exhibit A

# Letter from Privacy and FOIA Officer at Philadelphia VA Medical Center to the Plaintiff

# Dated: April 29, 2008



**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**University and Woodland Avenue**
**Philadelphia PA  19104**

In Reply Refer To:

·    April 29, 2008

James Irvin, MD
1100 Lovering Avenue - #500
Wilmington, DE  19806

> Re:  Reconsideration of My Annual Proficiency Report for the
>       FY 07 Rating Period of October 1, 2006 to September
>       30, 2007

Dear Dr. Irvin:

This is in response to your Freedom of Information/Privacy Act request, subject cited
above, and received in this office by hand delivery on March 12, 2008, the date on which
this would be considered a perfected FOIA request.  You are reminded that e-mails are
not an acceptable form of request.

Your request was processed under both the Privacy Act and the Freedom of Information
Act.

Enclosed find the following documents reflecting your performance on various measures
for the Compensation and Pension Program (CPEP) during the rating period in question:

1. Average Individual Provider Performance – Reminder Reports (2 pages)
2. Delinquent C&P Reports, FY 07
3. Results of Random CPEP Report Reviews by CPEP Staff
4. CPEP Exams Receiving Passing Scores, by Examiner
5. Performance Pay Recommendation & Approval Staff Data

Copies of three (3) complaint letters are included.  In addition, the Report by Employee
Involved is included from the Patient Representative Office.  Changes in the patient
Representative data collection system did not allow all information to be captured.  We
are withholding under FOIA exemption 6 [5 USC 552(b)(6)] all information which, if
disclosed, would constitute an unwarranted invasion of an individual's personal privacy.
Additionally, the names and addresses of veterans have been withheld under 5 USC 552
(b)(3) which specifically exempts from disclosure all information which is prohibited
from disclosure by another Federal statute; the applicable statute is 38 USC 5701(a)
which prohibits disclosure of the names and addresses of present and former members of
the Armed forces and their dependents without their prior written consent.

No documents have been withheld.

At this date you are aware, by letter to you from Director Human Resources Management dated February 28, 2008, that your proposed Proficiency Rating was rescinded prior to its being officially issued.

Your request was processed by the undersigned. You may appeal the determination made in the response to: General Counsel (024), Department of Veterans Affairs, 810 Vermont Avenue NW, Washington DC 20420. If you wish to file an appeal please include with your appeal copies of your request and this letter, and clearly indicate why you disagree with this determination.

Sincerely,

Brendan Minihan

Brendan J. Minihan
Privacy & Freedom of Information Officer

Enclosures

# Exhibit B

## *Computer Generated Data on Average Provider Performance – Reminder Reports for FY'07*

**This is an <u>untruthful and unsubstantiated</u> document provided to the Plaintiff by the Agency.**

**No information was provided to the Plaintiff on how this data was generated.**

FY 2007

# Reminder

## Average Individual Provider Performance- Reminder Reports FY' 07

| Provider | Team | Alcohol Screen (80%) | Breast Cancer Screen (90%) | CHF Instructions (70%) | Colorectal cancer Screen (75%) | Depression Screen (96%) | Diabetic Foot Exam (80%) | Diabetic Retinal Exan (82%) | Flu Shot FY 2007 (80%) | HBA1C < 9 (90%) |
|---|---|---|---|---|---|---|---|---|---|---|
| IRVIN,JAMES M | PCC/GREEN | 82% | 33% | 21% | 48% | 83% | 29% | 31% | 61% | 91% |

FY 2007

# Monitors and Target Goal

| Hepatitis C Risk Assessment (95%) | Iraq&Afghan Post-Deployment Screen (90%) | Lipid Profile Done (95%) | No LDL/LDL > 100 in IHD (68%) | No LDL/LDL > 120 in pure DM (68%) | Pap Smear (85%) | Pneumovax (85%) | Prostate Cancer Screening Education (92%) | PTSD Screen (73%) | Tobacco Counseling (89%) |
|---|---|---|---|---|---|---|---|---|---|
| 90% | 25% | 78% | 51% | 85% | 100% | 33% | 32% | 81% | 81% |

# Exhibit C

## <u>Inaccurate</u> Computer Generated

## *C&P Reports for FY 07*

**This is an <u>untruthful and unsubstantiated </u>document provided to the Plaintiff by the Agency based on the information below.**

**The C&P Staff Meeting Agenda from April 10, 2008 stated:**

**Problems of Inconsistency – "*C&P examiners from all over the VA system report that they have found serious problems of inconsistency on the part of the CPEP reviewers.  This is based on the scoring of CPEP exams performed for the monthly National CPEP report review.  Further, institutions are reporting difficulty being able to discuss their concerns to CPEP leadership.*" Dr. Murphy**

FY 2007

## Delinquent C&P Reports FY 07

| Examiner | Month | Oct-06 | Nov-06 | Dec-06 | Jan-07 | Feb-07 | Mar-07 | Apr-07 | May-07 | Jun-07 | Jul-07 | Aug-07 | Sep-07 |
|----------|-------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|--------|
| Dr. J. Irvin | 1 | 2 | 0 | 2 | 1 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 |

# Exhibit D

# <u>Inaccurate</u> Computer Generated

*Results of Random CPEP Report Reviews Performed by CPEP Staff as Part of the Monthly National CPEP Quality Review for FY 07*

**This is an <u>untruthful and unsubstantiated</u> document provided to the  Plaintiff by the Agency based on the information below.**

**The C&P Staff Meeting Agenda from April 10, 2008 stated:**

**Problems of Inconsistency - "C&P examiners from all over the VA system report that they have found serious problems of inconsistency on the part of the CPEP reviewers.  This is based on the scoring of CPEP exams performed for the monthly National CPEP report review.  Further, institutions are reporting difficulty being able to discuss their concerns to CPEP leadership." Dr. Murphy**

Fy 2007

Results of Random CPEP Reports Reviews Performed by CPEP Staff as part of the Monthly National CPEP Quality Review

| Examiner | | Jan-07 | Feb-07 | Mar-07 | Apr-07 | May-07 | Jun-07 | Jul-07 | Aug-07 | Sep-07 | Oct-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Dr. J. Irvin | #CPEP Reports Rated as Acceptable / Total Reports Generated by Provider | 2/2 | 2/3 | 1/2 | 2/4 | 2/2 | 0/3 | 3/4 | 1/1 | 0/1 | 1/3 |
| Dr. J. Irvin | Percent of Reports Found Acceptable | 100% | 66% | 50% | 50% | 100% | 0% | 75% | 100% | 0% | 33% |

# Exhibit E

## <u>Inaccurate</u> Computer Generated Graph of

*CPEP Exams Receiving Passing Scores (Greater than 89%) by Examiner for FY 07*

**This is an <u>untruthful and unsubstantiated </u>document provided to the Plaintiff by the Agency based on the information below.**

**The C&P Staff Meeting Agenda from April 10, 2008 stated:**

**Problems of Inconsistency -** "C&P examiners from all over the VA system report that they have found serious problems of inconsistency on the part of the CPEP reviewers.  This is based on the scoring of CPEP exams performed for the monthly National CPEP report review.  Further, institutions are reporting difficulty being able to discuss their concerns to CPEP leadership." **Dr. Murphy**

14



CPEP Exams Receiving Passing Scores (Greater than 89%) by Examiner

| Examiner | | Jan-07 | Feb-07 | Mar-07 | Apr-07 | May-07 | Jun-07 | Jul-07 | Aug-07 | Sep-07 | Oct-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Irvin | % Correct | | 66% | 50% | 50% | | 0% | 75% | | 0% | 33% |
| Passing Level | | 90% | 90% | 90% | 90% | 90% | 90% | 90% | 90% | 90% | 90% |

Irvin % Correct

# Exhibit F

# <u>Inaccurate</u> Computer Generated in the Table of

## *Performance Pay Recommendation and Approval Staff Data for FY 07 on Plaintiff, Dr. Irvin.*

**This is an <u>untruthful and unsubstantiated</u> document provided to the Plaintiff by the Agency based on the information below.**

**The C&P Staff Meeting Agenda from April 10, 2008 stated:**

**Problems of Inconsistency - *"C&P examiners from all over the VA system report that they have found serious problems of inconsistency on the part of the CPEP reviewers. This is based on the scoring of CPEP exams performed for the monthly National CPEP report review. Further, institutions are reporting difficulty being able to discuss their concerns to CPEP leadership.*" Dr. Murphy**

Performance Pay Recommendation and Approval Staff Data for FY 07

| Provider Name | Mandatory Training Compliance (10%) | C&P Exam Quality: Meets successful performance reviewed through National C&P Exam Program (CPEP) examiners. (70%) | C&P Dictation Timeliness: All C&P exam reports are dictated within time frame described in the MCM. (20%) |
|---|---|---|---|
| Irvin, James (C&P) | Not Met- Missed mandatory Review and US Constitution | Not Met- Did not meet stds. In 11/25 CPEP exams reviewed | Not Met- Report indicated that Dr. Irvin had 7 C&P reports that were not dictated within policy guidelines |

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | : | Jury Trial Demanded |
| JAMES M. IRVIN, M.D., | | |
| Plaintiff, *pro se* | : | |
|  | | No. 08-CV-00183-SLR |
|  | | Filed April 3, 2008 |
| v. | : | |
| JAMES B. PEAKE, Secretary, | : | |
| Department of Veterans Affairs, | | |
| Defendant | : | |


Certificate of Service

I, James M. Irvin, M.D., hereby verify under penalty of perjury
that I served a true and correct copy of *Plaintiff's Response to Agency's
Motion to Dismiss Civil Action No. 08-CV-00183-SLR, Filed on April 3, 2008*, upon the
following by first class mail, this date, to:

Patricia C. Hannigan, Esquire
Assistant United States Attorney
Office of the United States Attorney
The Nemours Building, 1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Assistant General Counsel
Department of Veterans Affairs
Office of General Counsel, Professional Staff Group 6
810 Vermont Avenue, N.W., Room 1030
Washington, D.C. 20420

James M. Irvin, M.D., *pro se*
Plaintiff

June 25, 2008

16

**James M. Irvin, M.D.**
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: 215 823 5800

June 25, 2008

FIRST CLASS MAIL

Clerk of Court
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801
Telephone: 302-573-6170

> Re: *James M. Irvin, M.D.  v. James B. Peake, Secretary*
> *Department of Veterans Affairs*
> U.S. District Court For The District Of Delaware
> Civil Action No. 08-CV-00183-SLR, Filed April 3, 2008

Dear Sir/Madam,

Enclosed please find a true and correct copy of *Plaintiff's Response to Agency's Motion to Dismiss Civil Action No. 08-CV-00183-SLR, Filed on April 3, 2008.*

Sincerely,

James M. Irvin, M.D., *pro se*
Plaintiff

Enclosures: Exhibits A – F

cc:  Patricia C. Hannigan, Esquire, Assistant United States Attorney, Wilmington, DE
Assistant General Counsel, Department of Veterans Affairs, Washington, D.C.

1