

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

| | |
|---|---|
| The Nemours Building | (302) 573-6277 x 156 |
| 1007 Orange Street, Suite 700 | FAX (302) 573-6220 |
| P.O. Box 2046 | TTY (302) 573- 6274 |
| Wilmington, Delaware 19899-2046 | Toll Free (888) 293-8162 |
| | Patricia.Hannigan@usdoj.gov |

June 27, 2008

Honorable Sue L. Robinson
United States District Court
Room 6124 Boggs Federal Building
844 King Street
Wilmington, DE 19801

      RE:    Irvin v. Peake, Secretary, Department of Veterans Affairs
              Civil Action No. 08-183 (SLR)

Dear Judge Robinson:

      I write in response to Your Honor's letter of June 23, 2008, enclosing a proposed scheduling order (D.I. 5), and to request that the Court hold a scheduling conference in this Freedom of Information Act ("FOIA") case.

      Since the date of Your Honor's letter, Plaintiff, acting *pro se*, has filed a pleading styled "Plaintiff's Response to Agency's Motion to Dismiss Civil Action No.08-CV-00183-SLR, Filed on April 3, 2008" ("Plaintiff's Response"). D.I. 6. However, the defense has not yet filed a Motion to Dismiss, thus Plaintiff's Response is premature. In addition, Plaintiff's Response reads rather like an Amended Complaint, in that it adds allegations not contained in the original Complaint. Accordingly, we would appreciate the opportunity to discuss with the Court the procedural posture of the case at this point. One possibility would be for the Government to move to strike Plaintiff's Response as premature, and if granted, then to file its anticipated motion for summary judgment. Another would be for the Court to treat Plaintiff's Response as an amended complaint and docket it as such. The Government would then respond. Or perhaps the Court would prefer a third alternative.

      Moreover, specifically on the issue of scheduling, we request that the Court not permit discovery in this matter. It is our understanding this is the usual practice in FOIA litigation. See *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.C.C. 2000) (discovery in a FOIA action is generally inappropriate"); *Van Mechelen v. U.S. Dep't of the Interior*, No. 05-5393, 2005 WL 3007121, at *5 (W.D. Wash.Nov. 9, 2005 ) ("discovery is not ordinarily part of a FOIA case"); *Katzman v. Freeh*, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) (discovery in a FOIA action is extremely limited...."). An alternative approach to this issue may be for the Court to

Honorable Sue L. Robinson
June 26, 2008
Page Two

stay discovery until the anticipated motion for summary judgment is resolved. See *Petrus v. Brown*, 833 F.2d 581,583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

We appreciate Your Honor's consideration of this request for a scheduling conference.

Respectfully,

COLM F. CONNOLLY
United States Attorney

By: _____
Patricia C. Hannigan
Assistant United States Attorney

PCH:kg

cc: James M. Irvin, M.D.
    Paul P. Kranick, Esquire